WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristin Godbehere,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Maricopa County,<br><br>　　　　　Defendant. | No. CV-22-01994-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Maricopa County's Motion for Summary Judgment (Doc. 42, MSJ) supported by a Statement of Facts (Doc. 43, DSOF). Plaintiff Kristin Godbehere, who appears *pro se* in this matter, filed a Response (Doc. 45, Resp.) but no responsive statement of facts, and Defendant filed a Reply (Doc. 55, Reply). Defendant also filed Motions to Strike (Docs. 54, 58, 60) with regard to Supplements Plaintiff filed after she filed her Response, and Plaintiff filed no responses to the Motions to Strike. The Court will resolve the Motions without oral argument. LRCiv 7.2(f).

**I.    BACKGROUND**

In the unverified First Amended Complaint (Doc. 5, FAC), Plaintiff alleges[1] she worked for Defendant as an Emergency Dispatcher and Supervisor for 21 years but was forced to resign when Defendant did not accommodate her alleged disabilities and instead attempted to reassign her to a less favorable position in the organization. (FAC at 1–2.) After obtaining a right to sue letter from the Equal Opportunity Employment Commission

---

[1] As discussed *infra*, Plaintiff has failed to properly provide or cite to any evidence in this case.

(FAC Ex. 2), she filed a Complaint in this action raising claims of retaliation under the Family Medical Leave Act (FMLA) and discrimination and retaliation under the Americans with Disabilities Act (ADA). Defendant now moves for summary judgment.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to prevail as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "A fact is 'material' only if it might affect the outcome of the case, and a dispute is 'genuine' only if a reasonable trier of fact could resolve the issue in the non-movant's favor." *Fresno Motors, LLC v. Mercedes Benz USA, LLC*, 771 F.3d 1119, 1125 (9th Cir. 2014) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 232. When the moving party does not bear the ultimate burden of proof, it "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party carries this initial burden of production, the nonmoving party must produce evidence to support its claim or defense. *Id*. at 1103. Summary judgment is appropriate against a party that "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary

1  material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest
2  on its pleadings; it must produce some significant probative evidence tending to contradict
3  the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57
4  (holding that the plaintiff must present affirmative evidence in order to defeat a properly
5  supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045
6  (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on
7  conclusory allegations unsupported by factual data." (citation omitted)).

**III.   ANALYSIS**

   **A.    Motions to Strike**

As a threshold matter, the Court must resolve Defendant's Motions to Strike (Docs. 54, 58, 60). After Plaintiff filed her Response to Defendant's Motion for Summary Judgment, she filed 11 Supplements that appear to be evidence, but with no explanation or connection to her Response. (Docs. 47–53, 56–57, 59, 61.) Moreover, counsel for Defendant maintains that Plaintiff failed to disclose to Defendant any of the records attached to the Supplements, as required by Federal Rule of Civil Procedure 26. (Doc. 54 at 10; Doc. 58 at 1; Doc. 60 at 1.) Plaintiff did not respond to Defendant's Motions to Strike or attempt to show she properly disclosed to Defendant these records.

To begin with, the last four of the 11 Supplements were untimely filed. The Court warned Plaintiff that she was required to respond to Defendant's Motion for Summary Judgment and Statement of Facts by May 10, 2024. (Doc. 44.) Because the last four Supplements (Docs. 56–57, 59, 61) were untimely and Plaintiff never sought leave to file them after the deadline, the Court will strike them.

In any event, all the Supplements are improperly before the Court because Plaintiff did not file them in conjunction with a Statement of Facts, as required by Local Rule 56.1(b). Moreover, Plaintiff lays no foundation for any of the purported evidence in the Supplements, so the Court cannot assess its authenticity or reliability. It is not the Court's role to guess what the evidence might be or how it might demonstrate a genuine issue of

material fact with respect to the elements of Plaintiff's claims. For this additional reason, the Court must strike the Supplements.

And finally, based on counsel for Defendant's representation that Plaintiff never disclosed the information contained in the Supplements to Defendant and Plaintiff's lack of a response to that representation, the Court will also strike the Supplements under Rule 37(c)(1). That Rule states that if a party fails to disclose information to the opposing party as required by Rule 26(e), the party is not permitted to use the information as evidence on a motion "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff has made no effort to show she did disclose the information or that her failure to disclose was substantially justified or is harmless, so she may not use the information contained in the Supplements in response to Defendant's Motion for Summary Judgment. For all these reasons, the Court will grant Defendant's Motions to Strike (Docs. 54, 58, 60) and strike the Supplements (Docs. 47–53, 56–57, 59, 61).[2]

### B. Plaintiff's Response Brief

In Plaintiff's Response (Doc. 45), she simply alleges a story of her employment with Defendant. First, the Response is not evidence; indeed, Plaintiff did not even sign it (Resp. at 8), let alone swear under penalty of perjury that it is true. Second, Plaintiff does not point to or connect any evidence to respond to Defendant's Motion for Summary Judgment, as required by Rule 56 and Local Rule 56.1(e). Rule 56 provides that the respondent must cite "to particular parts of materials in the record," and "[t]he court need consider only the cited materials" in the briefings. Fed. R. Civ. P. 56(c)(1), (3); *see also Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003) ("Judges are not like pigs, hunting for truffles buried in briefs."). And lastly, Plaintiff makes only one legal argument with one legal citation in her Response, which as noted *supra* is unsupported by any evidence. (Resp. at 7.) For these reasons, the Response does not comply with Rule 56.

---

[2] In resolving Defendant's Motion for Summary Judgment, the Court also disregards Doc. 46, which Plaintiff filed as an "Affidavit/Supporting Document to Bill of Costs"—an issue not before the Court. The filing contains no affidavit or explanation and is simply a series of tables of numbers of either paid or unpaid invoices (to an unknown party) and a "Calculation of Lost Wage Damages."

Plaintiff's FAC was not verified or signed by Plaintiff, so the Court cannot consider it as evidence either. *See Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004). The Court is thus left with no evidence or argument on the part of Plaintiff to consider in its resolution of Defendant's Motion for Summary Judgment. Accordingly, under Rule 56(e)(2), the Court deems Defendant's facts as undisputed for the purposes of its Motion for Summary Judgment. The Court will proceed to determine if Defendant has demonstrated it is entitled to Summary Judgment by way of its Motion and supporting materials. *See* Fed. R. Civ. P. 56(e)(3).

### C.   Plaintiff's Failure to Meet Her Evidentiary Burden

As a predicate to Plaintiff's ADA claims, she has the burden to show she was a "qualified individual with a disability." 42 U.S.C. § 12111(8). Because Plaintiff has failed to properly proffer any evidence to the Court and Defendant's evidence does not demonstrate that Plaintiff was a qualified individual with a disability, she has not met her present burden to create a material question of fact. Defendant is therefore entitled to summary judgment on Plaintiff's ADA claims.

Likewise, to demonstrate an FMLA retaliation claim, Plaintiff has the burden to show she either opposed a practice carried out by Defendant that violated the FMLA or instituted or participated in FMLA proceedings or inquiries. 29 U.S.C. § 2615. Again, because Plaintiff has produced no evidence to the Court, and Defendant's evidence does not show that it engaged in a practice that violated the FMLA (much less that Plaintiff opposed such a practice) or that Plaintiff participated in an FMLA proceeding or inquiry, she has not met her present burden under Rule 56 and Defendant is entitled to summary judgment on Plaintiff's FMLA claim.

**IT IS THEREFORE ORDERED** granting Defendant's Motions to Strike (Docs. 54, 58, 60) and striking the Supplements at Docs. 47–53, 56–57, 59 and 61.

**IT IS FURTHER ORDERED** granting Defendant's Motion for Summary Judgment (Doc. 42).

. . .

1  **IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in favor of Defendant Maricopa County and close this case.

Dated this 4th day of November, 2024.

Honorable John J. Tuchi
United States District Judge